IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| In re: BISPHENOL-A (BPA) POLYCARBONATE PLASTIC PRODUCTS LIABILITY LITIGATION | ) ) ) ) ) ) ) ) ) ) | MDL No. 1967 Master Case No. 08-1967-MD-W-ODS<br><br>Applies to Case Numbers: 08-0997, 08-0309, 08-0418, 08-0618, 08-0619, 08-0620, 08-0692, 08-0693 08-0694, 08-0695, 08-0696 and 08-0792 |

<u>ORDER AND OPINION (1) GRANTING MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT, (2) GRANTING MOTION FOR APPROVAL OF AWARD OF ATTORNEYS' FEES, EXPENSES, AND INCENTIVE AWARD PAYMENTS, AND (3) ENTERING FINAL JUDGMENT AS TO CLAIMS AGAINST PHILIPS ELECTRONICS NORTH AMERICA CORPORATION, SUCCESSOR IN INTEREST TO AVENT AMERICA, INC.</u>

Pending is the joint motion from Plaintiffs and Defendant Philips Electronics North America Corporation, Successor in Interest to Avent America, Inc. ("Philips") seeking final approval of a class action settlement and certification of a class for settlement purposes. Plaintiffs also seek approval of an award of attorney fees, expenses, and incentive awards. The two motions (Doc. # 619 and Doc. # 622) are granted.

I. BACKGROUND

In this suit Class Plaintiffs asserted claims for unjust enrichment, consumer fraud violations, and breach of implied warranty. Class Plaintiffs have sought certification of two multi-state unjust enrichment classes (the" Unjust Enrichment Classes"), a multi-state consumer protection act class (the "Consumer Protection Class"), and a multi-state implied warranty class (the "Implied Warranty Class") for litigation purposes, and these motions have not been fully briefed and are still pending. Class Plaintiffs proposed these litigation classes under a "groupings" approach, which was based upon the similarity of legal theories supporting certification of class members in each

respective state. The only states in which Class Plaintiffs did not seek class certification of their claims for trial purposes are Alabama, Mississippi, Ohio, Oregon, Texas, and Wyoming. As set forth in detail in the briefing in support of Plaintiffs' motion for class certification, Class Plaintiffs chose not to move for certification in these states for trial purposes due to manageability concerns arising from perceived peculiarities in those states' laws.

The Settlement achieved, however, eliminates any such manageability concerns by eliminating issues that would otherwise impact any trial of these claims. In addition, the Settlement achieved eliminates the need for the two separate unjust enrichment groupings that were proposed for litigation purposes. Settlement Class Plaintiffs now seek certification of a single Settlement Class that consolidates the following "groupings" into a single settlement class, thereby eliminating any distinction between them:

> ***Unjust Enrichment Multistate Class***. All persons who purchased or acquired a new polycarbonate baby bottle or training/sippy cup in Alabama, Alaska, Arkansas, California, Colorado, the District of Columbia, Georgia, Hawaii, Illinois, Indiana, Iowa, Kansas, Kentucky, Maine, Maryland, Massachusetts, Missouri, Mississippi, Nevada, New Hampshire, New Mexico, New York, Ohio, Oklahoma Oregon, Pennsylvania, Rhode Island, South Carolina, South Dakota, Tennessee, Texas, Utah, Vermont, Washington, Wisconsin, West Virginia or Wyoming that was manufactured, sold or distributed by Philips.

> ***Consumer Fraud Multistate Class***. All persons who purchased or acquired a new polycarbonate baby bottle or training/sippy cup in Alaska, Arkansas, Arizona, California, Colorado, Connecticut, Delaware, the District of Columbia, Florida, Georgia, Hawaii, Idaho, Illinois, Kansas, Kentucky, Louisiana, Maine, Maryland, Massachusetts, Michigan, Missouri, Minnesota, Montana, Nebraska, Nevada, New Hampshire, New Jersey, New Mexico, New York, North Carolina, North Dakota, Oklahoma, Pennsylvania, Rhode Island, South Carolina, South Dakota, Vermont, Washington, West Virginia or Virginia that was manufactured, sold or distributed by Philips.

> ***Implied Warranty Multistate Class***. All persons who purchased or acquired a new polycarbonate baby bottle or training/sippy cup in Alaska,

> Colorado, Connecticut, Delaware, the District of Columbia, Hawaii, Kansas, Louisiana, Maine, Maryland, Massachusetts, Michigan, Minnesota, Missouri, Nebraska, Nevada, New Jersey, Oklahoma, Pennsylvania, South Carolina, Virginia, and West Virginia that was manufactured, sold or distributed by Philips.

The settlement proposes six categorizations of class members, with individual class members qualifying for a particular categories based upon a combination of (1) actions taken by the individual, (2) the individual's motivations, and (3) the degree of proof possessed by the individual. These categories were derived from the Court's November 9, 2009, Orders (Doc. # 261 and Doc. # 264), particularly Part II.F of Doc. # 261 which described the limited circumstances in which consumers would have damages on a warranty claim. In rough summary, the categories and relief are as follows:

> Category A: People who
> 1. Return the product OR provide proof of purchase and attest that the product was destroyed or discarded,
> 2. Attest or prove they purchased BPA-free products to replace destroyed/discarded product, and
> 3. Attest or prove they discarded or destroyed the BPA product because of concerns about BPA
>
> Category B: People who
> 1. Return the product OR provide proof of purchase and attest that the product was destroyed or discarded, and
> 2. Attest or prove they discarded or destroyed the BPA product because of concerns about BPA
>
> Category C: People who
> 1. Return the product OR provide proof of purchase and attest that the product was destroyed or discarded

3

Category D: People who
1. Identify the products purchased and the date of purchase
2. Attest or prove they purchased BPA-free products to replace destroyed/discarded product
3. Attest or prove they discarded or destroyed the BPA product because of concerns about BPA

Category E: People who
1. Identify the products purchased and the date of purchase
2. Attest or prove they discarded or destroyed the BPA product because of concerns about BPA

Category F: People who
1. Identify the products purchased and the date of purchase

Members in each category receive the following:

A    100% refund in cash OR 125% of that value in vouchers
B    Vouchers for 80% of the value
C    Vouchers for 60% of the value
D    Vouchers for 50% of the value
E    Vouchers for 40% of the value
F    Vouchers for 30% of the value

The vouchers may be used toward the purchase of other products manufactured by Philips.

On January 7, 2011, the Court conditionally certified the settlement class, preliminarily approved the settlement, and directed distribution of notice to the class members. Two objections were filed: one from Christi Weinstein and one from Max Carapia. A hearing was held on May 2, 2011.

II.  DISCUSSION

A.  Evaluation of the Settlement[1]

"The district court must consider a number of factors in determining whether a settlement is fair, reasonable, and adequate: the merits of the plaintiff's case, weighed against the terms of the settlement; the defendant's financial condition; the complexity and expense of further litigation; and the amount of opposition to the settlement."  Van Horn v. Trickey, 840 F.2d 604, 607 (8th Cir. 1988).  The most important consideration is a comparison between the merits of plaintiff's case and the amount offered to settle.  In re Wireless Tele. Federal Cost Recovery Fees Litig., 396 F.3d 922, 933 (8th Cir. 2005).

The Court's November 2009 Orders described rather narrow circumstances in which individuals could assert warranty claims – and the damages for such claims would be minimal given the products involved.  The universe of unjust enrichment claims (and corresponding damages) would also have been rather narrow, particularly in light of the Court's observation that the same issue limiting warranty claims might become a jury issue for unjust enrichment claims.[2]  If the case(s) went to trial, victory for Plaintiffs would also depend on the jury's view of significant (and hotly contested) scientific matters.  Fraudulent omission[3] claims – which, unlike the other claims, might support an award of punitive damages – are fraught with problems relating to materiality and reliance, which present problems of proof and further generally preclude

---

[1] The Court elects to begin its discussion by evaluating the settlement, because (1) the settlement sets the circumstances for evaluating Rule 23's requirements and (2) if the settlement is deemed unfair, then there is no need to consider Rule 23.

[2] "[T]he extent of any benefit received by Plaintiffs would be a factor in determining whether and to what extent Defendants' retention of money is unjust – but this is a matter for a jury to resolve."  Doc. # 261 at 21.

[3] The Court previously dismissed claims premised on fraudulent and negligent misrepresentation and breach of expressed warranties.

5

certification of claims.  Given the uncertainty of success and the minimal damages that are recoverable, the amount of the settlement is imminently reasonable.

The proposed Settlement was entered into at arm's-length by experienced counsel and only after extensive arm's-length negotiations, including through mediation supervised by a retired United States District Judge, the Honorable Nicholas Politan. The proposed Settlement is not the result of collusion. The proposed Settlement bears a probable, reasonable relationship to the claims alleged by Class Plaintiffs and the litigation risks of the Settlement Class as well as Philips.  The proposed Settlement was entered into in good faith, is reasonable, fair and adequate, and is in the best interest of the Settlement Class.  Class Counsel and the Class Representatives have fairly and adequately represented the Settlement Class for purposes of entering into and implementing the Settlement Stipulation.  The Court finds that the proposed Settlement is sufficiently within the range of reasonableness and merits final approval.

Both objectors contend the settlement is a "coupon settlement" within the meaning of 28 U.S.C. § 1712(a).  The Court raised this issue before granting preliminary approval and declared that it was "presently of the view that the settlement" is not a coupon settlement.  The term "coupon" is not statutorily defined, but the Court notes the vouchers provided in this case are unique in that they do not necessarily require the class members' expend money of their own in order to realize the benefits of the settlement.  They are also unique in that they do not require class members to use the vouchers on the same (or even similar) products to those that gave rise to this litigation.  Cf. Reibstein v. Rite Aid Corp., 2011 WL 192512 (E.D. Pa. 2011); Browning v. Yahoo! Inc., 2007 WL 4105971 (N.D. Cal. 2007).  Moreover, it should be noted that section 1712 does not forbid approval of coupon settlements; they are subject to greater scrutiny under section 1712(e) and may have an effect on attorney fees.  The Court discussed section 1712(e) in the order granting preliminary approval and stated as follows:

> The Court notes several factors that (preliminarily, at least) indicate "the settlement is fair, reasonable, and adequate for class members."  The vouchers contemplated by the settlement are transferable (theoretically

6

> making them convertible to cash) and in most instances will be sufficient in
> amount to allow consumers to redeem them for products without the
> expenditure of additional funds. Thus, class members will not have to
> "pay" to enjoy the benefits of the settlement. The vouchers can be used
> on a wide variety of products, which helps insure their utility and value.
> The Court also notes that the products in question include products that
> are not made of plastic and are not used orally, which further helps insure
> the vouchers' utility. For those who have the "best claims" (based on prior
> orders of the Court that discuss the validity of various claims), an option
> exists to receive money in lieu of vouchers. Finally, the settlement calls
> for injunctive relief (although it should be noted that the injunctive relief
> may not directly or specifically benefit class members).

Nothing presented by the Objectors suggests this statement was incorrect or should be reconsidered, and the Court adheres to its preliminary view.

### B. Other Objections to the Settlement

Ms. Weinstein[4] presents several other arguments designed to demonstrate the relief is illusory or that the settlement is otherwise ill-advised. The Court rejects all of these arguments.

She first contends the injunctive relief is illusory. The injunctive relief prohibits Philips from selling products containing BPA unless a "major manufacturer, including any of the Defendants in this litigation," sells BPA products. Ms. Weinstein points out that Philips is a Defendant in this litigation and contends this means that Philips is barred from selling BPA products unless a major manufacturer, including Philips, decides to sell BPA products. This argument is frivolous for a variety of reasons, including (1) it conflicts with the parties' intent as stated during the hearings and in

---

[4]Mr. Carapia's timely objection focused on his argument that the settlement is a "coupon settlement." He presented additional arguments, both in writing and at the hearing, after the deadline for filing objections had passed. These arguments are the subject of a Motion to Strike, which has not been fully briefed and, hence, has not been ruled. While the Court has not decided whether to formally strike the late-filed objections, the Court has decided that they should not be considered because they were not timely filed.

7

written documents and (2) suggests the Court would interpret the injunction as permitting Philips to unilaterally ignore it.

Second, she argues the Most Favored Nation ("MNF") Clause renders the settlement unfair. This Clause generally provides some relief to Philips in the event that another defendant settles on terms that are more favorable than the terms of this settlement, in which case "Philips shall be entitled to a modification to the terms of this Settlement Stipulation to obtain the full benefit of the more favorable settlement." However, nothing permits Philips to recoup any money or vouchers already distributed to class members. Any dispute resolving whether another settlement is more favorable or the relief due Philips is to be resolved by the mediator (Judge Politan). The MNF is designed to assuage the first-settling defendant's fears that it will lose the opportunity for a favorable settlement by "settling first" or "settling early." The Court simply does not discern any unfairness to the class members.

Ms. Weinstein's third argument contends the settlement does not clearly indicate whether it applies to people who purchased used products manufactured by Philips. Any confusion that might exist is insignificant because the parties do not contemplate including purchasers of used products – so there is no prejudice if purchasers of used products fail to submit claim forms. The argument ultimately has little real effect because the Claim Forms approved by the Court do not require Settlement Class Members to indicate whether the BPA Products purchased or acquired are new or used. Thus, those individuals that submit a Claim Form based on used products will obtain relief under the Settlement.

Fourth, Ms. Weinstein contends it is not clear whether people who purchased from retailers are included in the class, or whether the class only covers people who purchased directly from Philips. The argument focuses on the documents originally submitted to the Court and does not account for subsequent changes. Specifically, the Order granting preliminary approval directed that the class definition be amended so that it "is consistently described as consisting of consumers who bought or acquired BPA products *manufactured by Philips.*" Doc. # 577 at 9-10 (emphasis in original). This

8

was intended, among other purposes, to alleviate the need to worry about who actually sold the product to the consumer.

Finally, Ms. Weinstein argues the proposed class period – January 1, 2001, to the present – is vague because "the present" is an undefined term. First of all, Philips stopped selling products with BPA some time ago – so there are not likely any class members who have recently bought such products. Moreover, it is customary for "the present" to be the date of the judgment. This argument is frivolous.

### C.  Alabama, Mississippi, Ohio, Oregon, Wyoming and (Particularly) Texas

Ms. Weinstein presents several arguments designed to suggest certification generally and the settlement specifically are unfair to residents of Alabama, Mississippi, Ohio, Oregon, Texas, and Wyoming. (Ms. Weinstein is a resident of Texas). The Court will address Rule 23's requirements in the next section, but in the interest of clarity all of Ms. Weinstein's arguments will be addressed in a single place.

Ms. Weinstein primary argument is that class members from these states are inadequately represented by Class Plaintiffs and Plaintiffs' Counsel and the settlement is unfair because they are limited to Settlement relief Categories C and F. The Court doubts Ms. Weinstein has standing to raise this objection because even if this limitation on Texas residents did not exist she would still be limited to relief under Category F. Thus, even if the objection has merit, Ms. Weinstein will not benefit. Nonetheless, the Court will address this objection out of an abundance of caution.

Class Counsel's legal assessment was that these states could not be included in a litigation class. That being the case, Philips was less than willing to agree to a formation of a settlement class that included these individuals when the alternative in litigation would likely be individual suits. Class Counsel essentially used the bargaining power created by the already-proposed class of people from forty-four states and leveraged a settlement on behalf of people from the six states that could not be included originally. In short, the settlement provides residents of these states with something from the settlement instead of leaving them to face individual suits. The well-founded

9

belief that the only alternative would be individual suits (because peculiarities of state law would preclude their inclusion in a class for litigation purposes) justified both (1) Philips' unwillingness to agree to settle with these individuals on the same terms as everyone else and (2) Class Counsel's willingness to agree to the settlement, recognizing that the likely alternative was probably no recovery at all.

In addition to this history, the Court notes Ms. Weinstein is the only resident of these states to raise this objection (and, as stated, it does not benefit her anyhow). The lack of objections is valid consideration in evaluating the fairness of a settlement. For these reasons, the Court finds that the limitation on the relief available to class Alabama, Mississippi, Ohio, Oregon, Texas, and Wyoming is fair and reasonable when balancing the strengths of the case with the risks of continued litigation.

Ms. Weinstein's remaining arguments require little attention. She contends that the settlement would not be permitted under Texas law because Texas law has a stronger prohibition on coupon settlements. She also argues that the attorney fees sought would not be permitted under Texas law. Without deciding whether these characterizations of Texas law are correct, the Court simply notes that Texas' procedural rules do not apply in federal court.

### D. Rule 23

With respect to the proposed Settlement Class as set forth in the Settlement Stipulation, this Court has determined that, for purposes of a settlement of the Action only, Plaintiffs have satisfied each of the Rule 23(a) Prerequisites. The Court finds that the Class Members are so numerous that joinder of all members is impracticable. Fed. R. Civ. P. 23(a)(1). The Court finds that there are questions of law or fact common to the Settlement Class. Fed. R. Civ. P. 23(a)(2). Common questions of law or fact include the following: (1) whether Philips failed to adequately disclose material facts relating to BPA in the course of its sales of the BPA Products; (2) whether Philips' conduct was unlawful; (3) whether the BPA products were merchantable, and (4) how the resulting monetary damages to consumers should be calculated. The claims of the

Class Plaintiffs are typical of the claims of the Settlement Class. Fed. R. Civ. P. 23(a)(3). Here, Plaintiffs have alleged that Philips sold unmerchantable products and failed to disclose or adequately disclose material facts to members of the Settlement Class. Plaintiffs assert that there was sufficient uniform treatment by Philips so that each Class Plaintiff and Settlement Class Member states the same claim concerning the same conduct and seeks the same relief from Philips. The ability of the parties to achieve a settlement on terms applicable to the entire Settlement Class underscores the finding of typicality. Finally, Class Plaintiffs will fairly and adequately protect the interests of the Settlement Class. Fed. R. Civ. P. 23(a)(4). The Class Plaintiffs do not have interests that are antagonistic to the Class and are fully aligned with the interests of other Class Members. In addition, because Plaintiffs' Counsel has and will continue to fairly and adequately represent the interests of the Settlement Class, they are qualified for appointment as class counsel for purposes of the Settlement under Rule 23(g). Accordingly, the Court finds that Class Plaintiffs have satisfied Rule 23(a) for purposes of evaluating this Settlement.

With respect to the Settlement as contained in the Settlement Stipulation, the Court also "finds that the questions of law or fact common to class members predominate over any questions affecting only individual members," and "that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). Here, Class Members share a common legal grievance arising from Philip's alleged failure to disclose or adequately disclose material facts related to BPA to any of the purchasers of the BPA Products and the sale of what Plaintiffs identify as unmerchantable products. There are also significant common factual questions, including the health effects of BPA. The Common legal and factual questions are central to all Class Members' claims and predominate over any individual questions that may exist for purposes of this Settlement, and the fact that the Parties are able to resolve the case on terms applicable to all Settlement Class Members underscores the predomination of common legal and factual questions for purposes of this Settlement.

In concluding that the Settlement Class should be certified pursuant to Rule

23(b)(3) for settlement purposes, the Court further finds that a class action is superior, particularly in an effort to settle the Action, because individual class members have not shown any interest in individually controlling the prosecution of separate actions. Moreover, the cost of litigation far outpaces the individual recovery available to any Plaintiffs. *See* Fed. R. Civ. P. 23(b)(3)(A). Accordingly, the Court finds that, for purposes of this Settlement, Rule 23(b)(3) has also been satisfied.

The Court finds that the Notice Program (i) met the requirements of Rule 23(c)(3) and due process; (ii) was the best practicable notice under the circumstances; (iii) reasonably apprised Settlement Class Members of the pendency of the action and their right to object to the proposed Settlement or opt out of the Settlement Class; and (iv) was reasonable and constituted due, adequate and sufficient notice to all those entitled to receive notice. Additionally, the proposed Class Notice adequately informed Class Members of their rights in the Action. *See* Fed. R. Civ. P. 23(c)(2).

Consistent with the above, the Court finds that Class Plaintiffs are adequate representatives to maintain their unjust enrichment, consumer fraud, and implied warranty claims on behalf of class members in those states set forth above. The Court further finds that Class Plaintiffs are adequate representatives to represent a nationwide settlement class, consolidating the above listed classes. The Court hereby certifies the following Settlement Class:

> All persons who from January 1, 2001 to the present, purchased or acquired (including by gift) a new BPA Product in the United States manufactured by Philips Electronics or Avent America. Excluded from the Settlement Class are: (1) any person that has already obtained any refund from any retailer in connection with the BPA Product(s) for which the Class Members seek relief in this case, (2) any Person who files a valid, timely Request for Exclusion; (3) any Person who purchased a BPA Product but gave away such product as a gift; and (4) any Judges to whom this Action is assigned and any member of their immediate families.

E.  Dismissals

The Court hereby dismisses with prejudice the following actions or dismisses Philips and Avent America from the Constituent Actions with prejudice:

1. *Broadway, et al. v. Avent America, Inc., et al.*, Case No. 08-00997 (W.D. Mo.);

2. *Sullivan et al. v. Avent America, Inc. et al.*, Case No. 08-0309 (W.D. Mo.) (as to Philips only);

3. *Thornberry et al. v. Avent America, Inc. et al.*, Case No. 08-0418 (W.D. Mo.) (as to Philips only);

4. *Wilson et al. v. Avent America, Inc. et al.*, Case No. 08-0618 (W.D. Mo.) (as to Philips only);

5. *Jaynes et al. v. Avent America, Inc. et al.*, Case No. 08-0619 (W.D. Mo.) (as to Philips only);

6. *Gale et al. v. RC2 et al.*, Case No. 08-0620 (W.D. Mo.) (as to Philips only);

7. *Broadway et al. v. Avent America, Inc. et al.*, Case No. 08-0692 (W.D. Mo.) (as to Philips only);

8  *Coyle v. Avent America, Inc. et al.*, Case No. 08-0693 (W.D. Mo.) (as to Philips only);

9. *Brady v. Avent America, Inc.*, Case No. 08-0694 (W.D. Mo.);

10. *Ginden v. Avent America, Inc. et al.*, Case No. 08-0695 (W.D. Mo.) (as to Philips only);

11. *Collier et al. v. Avent America, Inc. et al.*, Case No. 08-0696 (W.D. Mo.) (as to Philips only); and

12. *Barnes et al. v. Avent America, Inc. et al.*, Case No. 08-0792 (W.D. Mo.) (as to Philips only).

Final judgments will be entered accordingly. With respect to those cases in which Philips is not the sole remaining defendant, pursuant to Fed. R. Civ. P. 54(b) the Court concludes there is no just reason for delaying entry of final judgment as to the claims against Philips.

### F. Injunctive Relief

Having found that the Settlement is fair, reasonable and adequate, the Court hereby enters the following injunction in accordance with the Parties' approved Settlement:

(a) From four years from the date of the Court's Preliminary Approval Order, Philips shall not knowingly sell baby bottles or "sippy" cups with materials containing Bisphenol-A ("BPA") for use in the United States (the "No Sale Bar"); provided however, that if any of the following Trigger Events occur, as defined below, Philips may sell baby bottles or "sippy" cups with materials containing BPA for use in the United States during the remaining term of the No Sale Bar and thereafter, subject to the disclosure obligation below.

(b) The Trigger Events are:

(i) any major manufacturer (including any of the Defendants other than Philips) announces that it intends to sell baby bottles or "sippy cups" made of polycarbonate plastic in the United States, or

(ii) any major manufacturer (including any of the Defendants other than Philips), sells or offers for sale baby bottles or "sippy cups" made of polycarbonate plastic.

(c) If either of the Trigger Events occur, Philips may sell baby bottles or "sippy cups" with disclosure appearing on the packaging that indicates that the product is made from "polycarbonate" or "polycarbonate plastic" and indicates in some manner with equally legible print, that BPA is a part of polycarbonate or polycarbonate plastic. This disclosure obligation shall last for one year following a Trigger Event.

(d) The Most Favored Nation Provision expressly applies to any injunctive relief.

14

## G. Releases and Further Relief

The Releases set forth in the Settlement Stipulation are hereby effective. As the terms are defined in the Settlement Stipulation, each Released Party is released from the Released Claims that any Releasing Party has, had, or may have in the future, against each Released Party. The Releases are independent of the dismissals with prejudice provided herein. However, nothing in these Releases shall be deemed a release of a claim for personal injuries arising out of the use of a BPA Product. The Covenant Not To Sue has been given by each Settlement Class Member in favor of each Released Party, by which all Settlement Class Members are bound. Settlement Class Members are barred and enjoined from asserting against any Released Party any Released Claim.

Further, each Releasing Party and Settlement Class Member, and their respective present and former parents, subsidiaries, divisions and affiliates, the present and former partners, employees, officers and directors of each of them, the present and former attorneys, accountants, experts, consultants and insurers, and agents of each of them, each of the foregoing solely in their capacity as such, and the predecessors, successors, heirs and assigns of each of them, are released from all claims of every nature and description, known and unknown, that any Released Party has had, or may in the future have relating to the initiation, assertion, prosecution, non-prosecution, settlement and/or resolution of the Action or the Released Claims, and all Released Parties are barred and enjoined from asserting the same.

Further, Avent America, Inc. and Philips Electronics North America Corporation and their present and former parents, subsidiaries, divisions and affiliates, the present and former partners, employees, officers, and directors of each of them, the present and former attorneys, accountants, experts, consultants, insurers and agents of them, and the predecessors, successors, heirs and assigns of each of them are released from all claims of every nature and description, known and unknown, that any Releasing Party has, had or may in the future have relating to the defense, settlement and/or resolution

of the Action or the Released Claims, and all Releasing Parties are barred and enjoined from asserting the same.

Finally, all Settlement Class Members are deemed to have waived and released all claims relating to Philips' disposal or destruction of BPA Product(s) pursuant to this and previous orders of the Court and the terms of the Settlement Stipulation.

### H.  Opt-Outs

Only one member of the Class – Jon Eardley – timely elected to opt-out of the Settlement and the Class, and is therefore are not bound by the Settlement, the provisions of the Settlement Stipulation, and this Order.  All other members of the Class (as permanently certified herein) shall be subject to all of the provisions of the Settlement, the provisions of the Settlement Stipulation, and this Order.

Notwithstanding the preceding paragraph, the two objectors – Ms. Weinstein and Mr. Carapia – are granted additional time to opt out of the class.  They shall have until and including June 10, 2011, to file a notice of their desire to opt out of the class if they desire to do so.  If they choose not to do so, they will be bound by the Settlement, the Settlement Stipulation, and this Order in the same manner as all other individuals who chose not to opt out.

### I.  Attorneys' Fees and Costs

Co-Lead Counsel requests approval by the Court of an award of attorneys' fees and costs in the total amount of $2,500,000.  The Court concludes that an award of $2,500,000 is fair and reasonable and hereby approves the award of attorneys' fees and costs in the amount of $2,500,000 and shall be paid by Philips within ten (10) business days after entry of this Final Judgment and Order Approving Settlement, subject to the terms of the Stipulation.  In awarding these fees and costs, the primary factors considered by the Court is the amount of time spent by counsel and the attorneys' reasonable hourly fees.  The Court has also considered a number of other

factors, including a) the size of the fund and number of persons benefitted; b) the small number of objections by Settlement Class Members; c) the skill of the attorneys involved; d) the complexity and duration of litigation; and e) the risk of nonpayment. Co-Lead Counsel, in their sole discretion, shall allocate and distribute this award of Attorneys' Fees and Expenses among Plaintiffs' Counsel.

The objectors have taken issue with the attorney fee award, and most of their objections arise from their characterization of the settlement as a coupon settlement. In addition to the conclusions reached earlier, the Court holds that the fee award is proper even if the settlement is a coupon settlement. 28 U.S.C. § 1712(b)(1) states that if a coupon settlement is used to resolve a class action and "a portion of the recovery of the coupons is not used to determine the attorney's fee to be paid to class counsel," the fee award shall be based upon the lodestar. This provision supports the method used to calculate the fee award: the award is based primarily on the time expended and the attorneys' reasonable hourly fees, not on a percentage of the recovery. The award is proper even if the settlement is deemed to be a coupon settlement.

## J.  Incentive Fee

Class Counsel has requested approval by the Court for an award of an incentive fee for each of the named Class Plaintiffs, in an amount of one thousand dollars ($1,000). Class Plaintiffs were instrumental in prosecuting this case, such as by retaining counsel, reviewing and authorizing the filing of the complaint, submitting information to counsel, and authorizing the proposed Settlement. Class Plaintiffs also answered interrogatories, responded to document requests, and prepared for and gave deposition testimony. The Court finds the award of $1,000 is justified in light of the total settlement and the material support provided by the Class Plaintiffs to the prosecution of the case.

## K.  Continuing Jurisdiction

Without affecting the finality of this Order in any way, the Court hereby retains jurisdiction over the Parties to the Settlement Stipulation, including all Settlement Class Members and Class Counsel, to construe and enforce the Settlement Stipulation in accordance with its terms and for the mutual benefit of the Parties.

IT IS SO ORDERED.


DATE: May 10, 2011

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
UNITED STATES DISTRICT COURT